Donnie R. Cox, SBN 137950
Law Office of Donnie R. Cox
402 North Nevada Street
Oceanside, CA 92054-2025
Telephone (760) 400-0263
Facsimile  (760) 400-0269
drc@drcoxlaw.com

Paul W. Leehey, SBN 92009
Law Office of Paul W. Leehey
210 E. Fig Street, Suite 101
Fallbrook, CA 92028
Telephone (760) 723-0711
Facsimile  (760) 723-6533
law@leehey.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ORLANDO ROUCHON, WYTASHA JUSTICE, J.R., a minor by and through her Guardian ad Litem, Robert Powell, | **Case No. 2:18-cv-10029 VAP (MAAx)** |
| Plaintiffs, | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| v. | JURY TRIAL REQUESTED |
| COUNTY OF LOS ANGELES, GABRIELA TODMIA, -KIMBERLY ALLEN (Doe 1) and Does 2 through 50 Inclusive, | |
| Defendants. | |

Plaintiffs, ORLANDO ROUCHON, WYTASHA JUSTICE, and J.R. a minor, by and through her Guardian Ad Litem, Robert Powell, allege as follows:

1.      Pursuant to this Court's local Rule 8-1, Plaintiffs assert that the statutory or other basis for the exercise of jurisdiction in this United States Federal District Court is based upon a federal question asserted under 42 U.S.C. §1983 and §1985 as violations of Plaintiffs' rights under the United States Constitution and laws, including those under the Fourth and Fourteenth Amendments which Plaintiffs request be tried and heard before a jury.

2.      At all relevant times mentioned in this Complaint, Plaintiffs were residents of Los Angeles County, California.  Robert Powell has been appointed as Guardian ad Litem for minor J.R. in this action.

3.      At all times mentioned herein, the COUNTY OF LOS ANGELES (hereinafter "COUNTY") was and is a public entity organized and existing under the laws of the State of California. The Department of Children and Family Services ("DCFS") is a subdivision of the COUNTY.

4.      At all times mentioned herein, Defendant GABRIELA TODMIA (hereinafter "Todmia") was a social worker with the Department of Children and Family Services ("DCFS"), and in that capacity was and is an agent and/or employee of the COUNTY.

5.      Plaintiffs amend this Complaint to include Defendant KIMBERLY ALLEN (hereinafter "Allen"), as DOE 1. Defendant Allen was a social worker with the Department of Children and Family Services ("DCFS"), and in that capacity was and is an agent and/or employee of the COUNTY.

6.      Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 2-50, inclusive, and therefore sue them by such fictitious names. Plaintiffs will amend this Complaint to show the true names and capacities of said DOE Defendants when the same are ascertained.

7.      Plaintiffs are informed and believe and, based upon such information and belief allege that each of the Defendants is responsible in some manner for the events and

happenings referred to herein and was the legal cause of injury and damages to Plaintiffs as herein alleged.

8.     Plaintiffs are informed and believe and, based upon such information and belief allege, that, at all times herein mentioned, each and every Defendant was the agent and/or employee of their co-defendants, and each of them, acting at all relevant times herein under color of the authority of a governmental entity under the statutes, ordinances, regulations, customs and usage of the State of California and/or the United States Constitution and related laws.

## COMMON ALLEGATIONS

9.     ORLANDO ROUCHON ("ORLANDO") is the natural father of Minor J.R. (born 2011).

10.     WYTASHA JUSTICE ("WYTASHA") is the natural mother of Minor J.R. ORLANDO and WYTASHA share custody of J.R.

11.     On or about November 23, 2016, ORLANDO called Los Angeles County's 211 line, asking for help finding housing for he and his daughter, J.R. The individual who took ORLANDO's call contacted DCFS.

12.     On or about the same date, Defendant Todmia, who had been a social worker for one year or less, made an unannounced visit to the motel where ORLANDO and J.R. were residing while awaiting more permanent housing. Todmia, along with law enforcement officers, interviewed both ORLANDO and J.R. Todmia noted that J.R. appeared comfortable around everyone as she spoke with Todmia and law enforcement, that she did not appear malnourished, that she was appropriately dressed with her hair combed, and that she appeared comfortable in the presence of her father and followed commands given by him. With ORLANDO's permission, Todmia inspected J.R.'s arms, stomach, back, legs, face and neck and found no marks or bruises. In short, Todmia found no signs indicative of child abuse or neglect. Todmia noted that J.R. was "healthy and

comfortable" in the care of her father. Todmia was allowed full access to J.R. and was not prevented from asking her any questions.

13.     After speaking with J.R., Todmia also spoke with WYTASHA and learned that J.R.'s shot records and medical records were up to date.

14.     On or about December 1, 2016, and without Court Order, or parental consent, knowledge, or presence, Defendant Todmia went to J.R.'s school, seized J.R. from her classroom and detained her against her will.

15.     After she seized and detained J.R. from her classroom, Defendant Todmia interviewed her. Todmia did not inform J.R. that she could refuse to be interviewed and/or could leave the interview at any time she wished. Further, Todmia did not ask J.R. if she would like to have either of her parents present for the interview or seek legal counsel for J.R. or ask her if she would like to have an attorney or other adult present for the interview.

16.     At the time Defendant Todmia seized and detained J.R. from her classroom, J.R. was not suspected of being the victim of child abuse or neglect, nor were ORLANDO or WYTASHA suspected of child abuse or neglect.

17.     At the time she subjected J.R. to this unlawful seizure, Defendant Todmia did not have a Court Order, parental consent, knowledge or presence, or any urgent need or reasonable belief as to the need to preserve evidence. In fact, Defendant Todmia had no cause whatsoever to seize and question J.R., as she and the LAPD had previously interviewed and examined her fully and found no reason to believe that J.R. was the victim of abuse or neglect.

18.     Following this interview, Defendant Todmia prepared an application for a warrant to remove J.R. from her parents' care, custody and control. This application contained numerous misrepresentations of material facts and failed to include critical exculpatory information.  Defendant Todmia's request was denied. The court's denial of Defendant Todmia's application demonstrates that she had no exigent circumstances

justifying the unconstitutional interview of J.R. Many of the misrepresentations in the protective custody warrant were later repeated and used to justify the filing of a Juvenile Petition that ultimately resulted in the removal and detention of J.R. from her parents' care.

19.    On December 23, 2016, Defendant Todmia submitted a Petition and Non-Detention Report to the Juvenile Court, as a result of which formal dependency proceedings were initiated as to the minor J.R. The Petition alleged counts under California Welfare & Institutions Code sections 300(b)(1), (b)(2), and (b)(3) (failure to protect), 300(d) (sexual abuse) and 300j (sibling).

20.    Thereafter, DCFS social worker Kimberly Allen was assigned to the dependency matter.

21.    On February 21, 2017, a Jurisdiction hearing was held at which ORLANDO and WYTASHA were present. At that hearing, orders were made finding jurisdiction on the basis of the Petition's allegations under sections 300(b)(1), (b)(2), and (b)(3) (failure to protect) and 300j (sibling). The court dismissed the allegations under 300(d) (sexual abuse). No orders were made for any forensic interview or medical procedures, including examination, of the minor child J.R.

22.    Both ORLANDO and WYTASHA and their attorneys attended the Jurisdiction Hearing, and were available for Defendant COUNTY's DCFS social workers and agents to speak with regarding their consent to any forensic interview and/or medical procedure, including physical examination, of J.R. At no time before, during, or after the hearing did anyone from the COUNTY's DCFS speak with or notify ORLANDO or WYTASHA of any forensic interview or of any medical procedures, including physical examination, or attempt to gain their consent for any such events.

23.    On March 9, 2017, J.R. was taken by Defendant DCFS social worker Allen to Harbor – UCLA K.I.D.S. HUB in Torrance where a forensic interview of J.R. was conducted. No valid court order giving the parents, or child, and their attorneys, due

process and an opportunity to be heard regarding the forensic interview was obtained and the interview was conducted without exigency, knowledge, consent, or the presence of J.R.'s parents.

24. Defendant Allen requested the forensic interview to determine whether J.R. was sexually abused by her father, despite the February 21, 2017 dismissal of all allegations of sexual abuse.

25. J.R. did not make any disclosures of abuse during the forensic interview.

26. The forensic interview of J.R. was performed pursuant to the COUNTY's policies, procedures, customs, and/or practices. The COUNTY's policies, procedures, customs, practices and/or training (or lack thereof) permitted, or allowed, these forensic interviews to be conducted without parental notice or consent; without exigency or the need to preserve evidence; without court order; and without informing parents of the forensic interview; and by excluding parents from attending such forensic interviews when they occur.

27. Despite there being no disclosures by J.R., and without any valid court order, and without exigency, knowledge, or consent or presence of J.R.'s parents, Defendant Allen also caused J.R. to be subjected to a forensic medical examination which included a full body examination, including examinations of her vagina and anus, and the use of a coloposcope. Neither Orlando or Wytasha were informed of, given notice of, or given the opportunity to be present during their child's examination.

28. The medical procedures, including examination, of J.R. found no evidence of abuse of any kind.

29. The forensic medical procedures, including examination, of J.R. was performed pursuant to the COUNTY's policies, procedures, customs and/or practices. The COUNTY's policies, procedures, customs, practices, and/or training (or lack thereof) permitted, or allowed, these medical procedures, including examinations, to be conducted without parental notice or consent; without valid court order providing the parents notice

and an opportunity to be heard; without an urgent medical need or to preserve evidence; without informing the parents of the forensic medical procedure, including examination; and by excluding parents from attending such medical procedures, including examinations, when they occur.

30.     Plaintiffs are informed and believe that the COUNTY, through its named social worker Defendants, collaborated with other social workers, County employees, doctors, medical providers and others (Does 4 to 50) who participate in conducting or allowing to be conducted the aforementioned unwarranted, non-consensual and non-emergent school interview, forensic interview and medical procedures, including examination, of children at a COUNTY operated or sanctioned facility, and without the minors' parents' presence, all of which constitutes a traditional government function performed as state actors. (*See, e.g., Troxel v. Granville*, 530 U.S. 57 (2000); *Wallis v. Spencer,* 202 F.3d 1126 (9th Cir. 2000); *Mabe v. County of San Bernardino*, 237 F.3d 1100 (9th Cir. 2001); *Rogers v. County of San Joaquin*, 487 F.3d 1288 (9th Cir. 2007); *Greene v. Camreta*, 588 F.3d 1011 (9th Cir.2009); *Swartwood v. County of San Diego,* 84 F.Supp.3d 1093 (S.D.Cal.2014); *Dees v. County of San Diego*, 302 F.Supp.3d 1168 (S.D.Cal.2017); *Rabinovitz v. City of Los Angeles*, 287 F.Supp.3d 933 (C.D.Cal.2018); and *Mann v. County of San Diego*, 907 F.3d 1154 (2018).)

## FIRST CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS (42 USC §1983) (FOURTH AMENDMENT FOR UNLAWFUL DETENTION, QUESTIONING AND INTERVIEW AT SCHOOL) BY PLAINTIFF J.R. AGAINST DEFENDANT TODMIA and DOES 2 through 50

31.     Plaintiffs re-allege, adopt and incorporate as if set forth at length all paragraphs hereinabove.

32.     Beginning on December 1, 2016, Defendants Todmia and DOES 2 through 50, inclusive, and each of them, as alleged herein, were acting under color of state law when they knew and agreed, and thereby conspired and acted in concert with one another,

and caused, to unlawfully detain and/or question J.R. without proper reason, basis, authority, or court order; without reasonable or probable cause; and without the consent of her parents. Said Defendants acted with deliberate indifference to J.R.'s rights as protected by the United States Constitution and laws.

33.     Defendants Todmia and DOES 2 through 50, inclusive, and each of them, caused J.R. to be seized and interrogated at school without a warrant or court order, or parental consent, knowledge, or presence, and without immediate need or exigency, in violation of J.R.'s Fourth Amendment rights.

34.     The aforesaid conduct of Defendants Todmia and DOES 2 through 50 violated J.R.'s civil rights found in the Fourth Amendment of the United States Constitution and as enforced under 42 U.S.C. §1983 and §1985, by, but not limited to, acting and conspiring to seize, detain, arrest, coerce, question, and interfere with J.R.'s person, without proper or just cause and/or authority, without parental consent, without parental knowledge or presence, and without court order in violation of J.R.'s Fourth Amendment right against unreasonable searches and seizures.

35.     As a direct result of Defendants' violations, and in accordance with 42 U.S.C. §1983 and §1985, J.R.'s civil rights have been violated in that she has suffered, and will continue to suffer damages, including but not limited to, physical and/or mental anxiety and anguish; as well as to incur attorneys fees, costs and expenses in this matter as authorized by 42 U.S.C. §1988, in an amount not yet ascertained, all of which shall be shown according to proof at trial.

36.     The wrongful and unlawful conduct of Defendants Todmia, and DOES 2 through 50 Inclusive, was intentional, done with malice, and/or with conscious disregard for J.R.'s rights. As a result of their despicable conduct, J.R. is entitled to recover punitive damages as against said Defendants in an amount to be proved at the time of trial.

////

## SECOND CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS (42 USC §1983) (FOURTEENTH AMENDMENT AND FIRST AMENDMENT AS TO UNLAWFUL DETENTION, QUESTIONING AND INTERVIEW AT SCHOOL) BY ALL PLAINTIFFS AGAINST DEFENDANTS TODMIA and DOES 2-50

37.    Plaintiffs reallege, adopt and incorporate by this reference all paragraphs above, as though fully set forth herein.

38.    On December 1, 2016, Defendants Todmia and DOES 2 through 50, inclusive, and each of them, were acting under color of state law when they knew, and agreed, and thereby conspired, to unlawfully and unduly influence and threaten and coerce J.R. into responding to their interrogation. Defendants' actions were without proper reason, authority, or court order, without reasonable or probable cause and with deliberate indifference to Plaintiffs' rights.

39.    By unlawfully seizing and interrogating J.R. without court order, just or reasonable cause, or consent, Defendants Todmia and DOES 2 through 50, inclusive, and each of them, interfered with ORLANDO's and WYTASHA's right to the care, custody and control of their daughter, and J.R.'s right to the care and comfort of her parents, without unreasonable and unjustified government interference.

40.    Plaintiffs are informed and believe, and based thereon allege, that these actions were taken without just or reasonable cause, and with an intent to cause injury to Plaintiffs, or with a willful and conscious disregard of Plaintiffs' rights and/or safety.

41.    By acting as alleged above, Defendants Todmia and DOES 2 through 50, inclusive, and each of them, conspired to and did interfere with and violate Plaintiffs' procedural and substantive due process rights protected by the Fourteenth Amendment of the United States Constitution, including Plaintiffs' liberty interest in the right to familial association, as enabled by 42 U.S.C. §1983 and §1985. Defendants Todmia and DOES 2 through 50, inclusive, and each of them, also conspired to and did interfere with and

violate Plaintiffs' First Amendment right to be free from the unjustified interference with their relationship.

42.    As a direct result of the violation by Defendants Todmia and DOES 2 through 50, inclusive, and each of them, and in accordance with 42 U.S.C. §1983 and §1985, Plaintiffs' civil rights have been violated in that they have suffered, and will continue to suffer damages, including but not limited to, physical and/or mental anxiety and anguish; as well as to incur attorneys fees, costs and expenses in the underlying case and in the matter, as authorized by 42 U.S.C. §1988 in an amount not yet ascertained, all of which shall be shown according to proof at trial.

43.    The wrongful conduct of Defendants Todmia and DOES 2 through 50, inclusive, and each of them, as herein alleged was intentional, done with malice, and with conscious disregard for Plaintiffs' rights, and as a result of their despicable conduct, Plaintiffs are entitled to recover punitive damages as against said Defendants in an amount to be proven at the time of trial.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS (42 USC §1983) (FOURTH AMENDMENT FOR UNLAWFUL DETENTION, QUESTIONING AND FORENSIC INTERVIEW) BY PLAINTIFF J.R. AGAINST DEFENDANT ALLEN and DOES 2 through 50

44.    Plaintiffs re-allege, adopt and incorporate as if set forth at length all paragraphs hereinabove.

45.    Beginning on March 9, 2017, Defendants Allen and DOES 2 through 50, inclusive, and each of them, as alleged herein, were acting under color of state law when they knew and agreed, and thereby conspired and acted in concert with one another, and caused, to unlawfully submit J.R to a forensic interview without proper reason, basis, authority, or court order; without reasonable or probable cause; and without the consent

or presence of her parents. Said Defendants acted with deliberate indifference to J.R.'s rights as protected by the United States Constitution and laws.

46.     On March 9, 2017, Defendants Allen and DOES 2 through 50, inclusive, and each of them, caused the unlawful forensic interview of J.R. without a warrant or court order, or parental consent, knowledge, or presence, and without immediate need or exigency, in violation of J.R.'s Fourth Amendment rights.

47.     The aforesaid conduct of Defendants Allen, and DOES 2 through 50, violated J.R.'s civil rights found in the Fourth Amendment of the United States Constitution and as enforced under 42 U.S.C. §1983 and §1985, by, but not limited to, acting and conspiring to seize, detain, arrest, coerce, question, and interfere with J.R.'s person, without proper or just cause and/or authority, without parental consent, without parental knowledge or presence, and without valid court order in violation of J.R.'s Fourth Amendment right against unreasonable searches and seizures.

48.     As a direct result of Defendants' violations, and in accordance with 42 U.S.C. §1983 and §1985, J.R.'s civil rights have been violated in that she has suffered, and will continue to suffer damages, including but not limited to, physical and/or mental anxiety and anguish; as well as to incur attorney's fees, costs and expenses in this matter as authorized by 42 U.S.C. §1988, in an amount not yet ascertained, all of which shall be shown according to proof at trial.

49.     The wrongful and unlawful conduct of Defendants Allen and DOES 2 through 50 Inclusive, was intentional, done with malice, and/or with conscious disregard for J.R.'s rights. As a result of their despicable conduct, J.R. is entitled to recover punitive damages in an amount to be proved at the time of trial.

////

////

////

////

## FOURTH CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS (42 USC §1983) (FOURTEENTH AMENDMENT AND FIRST AMENDMENT AS TO UNLAWFUL DETENTION, QUESTIONING AND FORENSIC INTERVIEW) BY ALL PLAINTIFFS AGAINST DEFENDANTS ALLEN and DOES 2 through 50

50.     Plaintiffs reallege, adopt and incorporate by this reference all paragraphs above, as though fully set forth herein.

51.     On March 9, 2017, Defendants Allen and DOES 2 through 50, inclusive, and each of them, were acting under color of state law when they knew, and agreed, and thereby conspired, to unlawfully submit J.R. to a forensic interview without proper reason, basis, authority, or court order; without reasonable or probable cause; and without the consent or presence of her parents. Defendants' actions were without proper reason, authority, or valid court order giving her and her parents notice and opportunity to be heard, without reasonable or probable cause and with deliberate indifference to Plaintiffs' rights.

52.     By unlawfully causing the forensic interview of J.R. without valid court order, just or reasonable cause, consent, and parental presence, Defendants Allen and DOES 2 through 50, inclusive, and each of them, interfered with ORLANDO's and WYTASHA's right to the care, custody and control of their daughter, and J.R.'s right to the care and comfort of her parents, without unreasonable and unjustified government interference.

53.     Plaintiffs are informed and believe, and based thereon allege, that these actions were taken without just or reasonable cause, and with an intent to cause injury to Plaintiffs, or with a willful and conscious disregard of Plaintiffs' rights and/or safety.

54.     By acting as alleged above, Defendants Allen, and DOES 2 through 50, inclusive, and each of them, conspired to and did interfere with and violate Plaintiffs' procedural and substantive due process rights protected by the Fourteenth Amendment of

the United States Constitution, including Plaintiffs' liberty interest in the right to familial association, as enabled by 42 U.S.C. §1983 and §1985. Defendants Allen and DOES 2 through 50, inclusive, and each of them, also conspired to and did interfere with and violate Plaintiffs' First Amendment right to be free from the unjustified interference with their relationship.

55. As a direct result of the violation by Defendants Allen, and DOES 2 through 50, inclusive, and each of them, and in accordance with 42 U.S.C. §1983 and §1985, Plaintiffs' civil rights have been violated in that they have suffered, and will continue to suffer damages, including but not limited to, physical and/or mental anxiety and anguish; as well as to incur attorney's fees, costs and expenses in the underlying case and in the matter, as authorized by 42 U.S.C. §1988 in an amount not yet ascertained, all of which shall be shown according to proof at trial.

56. The wrongful conduct of Defendants Allen and DOES 2 through 50, inclusive, and each of them, as herein alleged was intentional, done with malice, and with conscious disregard for Plaintiffs' rights, and as a result of their despicable conduct, Plaintiffs are entitled to recover punitive damages as against said Defendants in an amount to be proven at the time of trial.

## FIFTH CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS (42 USC §1983) (FOURTH AMENDMENT FOR UNLAWFUL MEDICAL PROCEDURES, INCLUDING EXAMINATION) BY PLAINTIFF J.R. AGAINST DEFENDANTS ALLEN and DOES 2 through 50

57. Plaintiffs re-allege, adopt and incorporate as if set forth at length all paragraphs hereinabove.

58. Beginning on March 9, 2017, Defendants Allen and DOES 2 through 50, inclusive, and each of them, as alleged herein, were acting under color of state law when they knew and agreed, and thereby conspired and acted in concert with one another, and unlawfully caused Minor Plaintiff J.R. to be subjected to medical procedures, including

examination, without proper reason, basis, authority, or valid court order; without reasonable or probable cause; and without the consent or presence of her parents. Said Defendants acted with deliberate indifference to J.R.'s rights as protected by the United States Constitution and laws.

59. On March 9, 2017, Defendants Allen and DOES 2 through 50, inclusive, and each of them, caused J.R. to be submitted to medical procedures, including examination, without a warrant or valid court order giving her or her parents notice and an opportunity to be heard; without parental consent, knowledge, or presence; and without immediate need or exigency; in violation of J.R.'s Fourth Amendment rights.

60. The aforesaid conduct of Defendants Allen and DOES 2 through 50 violated J.R.'s civil rights found in the Fourth Amendment of the United States Constitution and as enforced under 42 U.S.C. §1983 and §1985, by, but not limited to, acting and conspiring to seize, detain, and subject said minor to medical procedures, including examinations, as alleged herein, interfering with J.R.'s person and rights, without proper or just cause and/or authority, without parental consent, without parental knowledge or presence, and without valid court order, in violation of J.R.'s Fourth Amendment right against unreasonable searches and seizures.

61. As a direct result of Defendants' violations, and in accordance with 42 U.S.C. §1983 and §1985, J.R.'s civil rights have been violated in that she has suffered, and will continue to suffer damages, including but not limited to, physical and/or mental anxiety and anguish; as well as to incur attorney's fees, costs and expenses in this matter as authorized by 42 U.S.C. §1988, in an amount not yet ascertained, all of which shall be shown according to proof at trial.

62. The wrongful and unlawful conduct of Defendants Allen and DOES 2 through 50 Inclusive was intentional, done with malice, and/or with conscious disregard for J.R.'s rights. As a result of their despicable conduct, J.R. is entitled to recover

punitive damages as against said Defendants in an amount to be proved at the time of trial.

### SIXTH CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS (42 USC §1983) (FOURTEENTH AMENDMENT AND  FIRST AMENDMENT AS TO UNLAWFUL MEDICAL PROCEDURES, INCLUIDNG EXAMINATIONS) BY ALL PLAINTIFFS AGAINST DEFENDANTS ALLEN and DOES 2 through 50

63.    Plaintiffs reallege, adopt and incorporate by this reference all paragraphs above, as though fully set forth herein.

64.    On March 1, 2017, Defendants Allen and DOES 2 through 50, inclusive, and each of them, were acting under color of state law when they knew, and agreed, and thereby conspired, to unlawfully cause J.R. to be subjected to medical procedures, including examination, without proper reason, authority, or valid court order, without reasonable or probable cause, without parental presence and with deliberate indifference to Plaintiffs' rights.

65.    By unlawfully subjecting J.R. to medical procedures, including examinations, as alleged herein without valid court order, just or reasonable cause, consent, or parental presence, Defendants Allen and DOES 2 through 50, inclusive, and each of them, interfered with ORLANDO's and WYTASHA's right to the care, custody and control of their daughter, and J.R.'s right to the care and comfort of her parents, without unreasonable and unjustified government interference.

66.    Plaintiffs are informed and believe, and based thereon allege, that these actions were taken without just or reasonable cause, and with an intent to cause injury to Plaintiffs, or with a willful and conscious disregard of Plaintiffs' rights and/or safety.

67.    The right to family association includes a parents' and child's right for the parent to make important medical decisions for their children, rather the state (see *Wallis v. Spencer*, 202 F.3d 1126, 1141 (9th Cir. 2000) and cases thereafter). That right includes

a parent's and child's right for the parent to control the nature and scope of any medical procedures, including examination, that are conducted on his or her child. Absent parental consent, valid court order, or exigent circumstances, medical procedures, including examination, of a child may not be undertaken at the behest of state officials.

68.    Furthermore, parents have a constitutional right to be with their children, and children have the right for their parent to be present, while children are receiving medical attention or to be in close proximity while the medical procedures, including examination, are being conducted. (See, e.g., *Wallis v. Spencer*, 202 F.3d 1126, 1141 (9th Cir. 2000) and cases thereafter.)

69.    The right of parents and children to have the parents make medical decisions about their children, and to be present during their children's medical procedures, including examinations, in the absence of a valid warrant or order, parental consent, or emergency, and with parental presence, was clearly established by at least 2000.

70.    By acting as alleged above, Defendants Allen and DOES 2 through 50, inclusive, and each of them, conspired to and did interfere with and violate Plaintiffs' procedural and substantive due process rights protected by the Fourteenth Amendment of the United States Constitution, including Plaintiffs' liberty interest in the right to familial association, as enabled by 42 U.S.C. §1983 and §1985. Defendants Allen and DOES 2 through 50, inclusive, and each of them, also conspired to and did interfere with and violate Plaintiffs' First Amendment right to be free from the unjustified interference with their relationship.

71.    As a direct result of the violation by Defendants Allen and DOES 2 through 50, inclusive, and each of them, and in accordance with 42 U.S.C. §1983 and §1985, Plaintiffs' civil rights have been violated in that they have suffered, and will continue to suffer damages, including but not limited to, physical and/or mental anxiety and anguish; as well as to incur attorney's fees, costs and expenses in the underlying case and in the

matter, as authorized by 42 U.S.C. §1988 in an amount not yet ascertained, all of which shall be shown according to proof at trial.

72.     The wrongful conduct of Defendants Allen and DOES 2 through 50, inclusive, and each of them, as herein alleged was intentional, done with malice, and with conscious disregard for Plaintiffs' rights, and as a result of their despicable conduct, Plaintiffs are entitled to recover punitive damages as against said Defendants in an amount to be proven at the time of trial.

### SEVENTH CLAIM FOR RELIEF

### *MONELL* RELATED CLAIMS By Plaintiffs Against Defendant COUNTY

73.     Plaintiffs reallege, adopt and incorporate the above paragraphs as though fully set forth herein.

74.     At all relevant times herein, Defendant COUNTY, including through its DCFS, established and/or followed policies, procedures, customs and/or practices (hereinafter collectively referred to as "policy" or "policies"), which were the cause of violation of Plaintiffs' constitutional rights granted to them pursuant to 42 U.S.C. §1983 and §1985, as well as the case of *Monell v. New York City Department of Social Services*, 436 U.S. 658(1978), including those under the First, Fourth and Fourteenth Amendments, by, but not limited to:

a. The policy of detaining children from their parents without exigent circumstances (imminent danger of serious bodily harm), court order and/or consent of their parent or legal guardian;

b. The policy of causing minor children to be seized and interviewed at school without court order, parental consent, parental knowledge, parental presence, exigent circumstances and without just and reasonable cause;

c. The policy of not allowing children and parents to have a parent present at their minor's school interview;

d. The policy of causing minor children to be seized and forensically interviewed without valid court order, parental consent, parental knowledge, parental presence, exigent circumstances and without just and reasonable cause;

e. The policy of not allowing children and parents to have a parent present, or nearby, at their minor child's forensic interview;

f. The policy of causing medical examinations, treatment and/or procedures of a minor child without the knowledge, consent, presence and/or authorization of the parent(s) or legal guardians, and without exigency (imminent danger of serious bodily harm), without medical need or urgency, and without valid court order;

g. The policy of not allowing children and parents to have a parent present at their minor child's medical procedures, including examinations and/or treatment;

h. The policy of obtaining, and using, orders for examination of children without due process of law, (including without proper application, notice and opportunity to be heard, and due process to their parents);

i. By acting with deliberate indifference in implementing a policy of inadequate training, and/or by failing to train and/or supervise its officers, agents and employees, in providing the Constitutional protections guaranteed to parents and their children, including those under the First, Fourth and Fourteenth Amendments, when seizing and questioning minors.

j. By acting with deliberate indifference in implementing a policy of inadequate training, and/or by failing to train and/or supervise its officers, agents and employees, in providing the Constitutional protections guaranteed to parents and their children, including those

under the First, Fourth and Fourteenth Amendments, causing medical procedures, including examinations, to be performed on minors.

k. The policy of acting with deliberate indifference in failing to supervisor and/or correct (including counseling and/or discipline) the wrongful conduct of its employees in failing to provide the Constitutional protections guaranteed to parents and their children, including those under the First, Fourth and Fourteenth Amendments, when seizing and questioning minors.

l. The policy of acting with deliberate indifference in failing to supervise and/or correct (including counseling and/or discipline) the wrongful conduct of its employees in failing to provide the Constitutional protections guaranteed to parents and their children, including those under the First, Fourth and Fourteenth Amendments, when causing medical procedures, including examinations, to be performed on minors.

75.    Defendant COUNTY had a duty to Plaintiffs at all times to establish, implement and follow policies, procedures, customs and/or practices which confirm and provide for the protections guaranteed them under the United States Constitution, including the First, Fourth and Fourteenth Amendments; to use reasonable care to select, supervise, train, control and review the activities of all agents, officers and employees in their employ, including within DCFS; and further, to refrain from acting with deliberate indifference to the Constitutional rights of Plaintiffs herein so as to not cause them the injuries and damages alleged herein.

76.    The COUNTY breached its duties and obligations to Plaintiffs, including but not limited to, failing to establish, implement and follow the correct and proper Constitutional policies, procedures, customs and practices; by failing to properly select, supervise, train, control, and review their agents and employees as to their compliance with Constitutional safeguards; and by permitting the individually named Defendants,

and Does 2 through 50, inclusive, to engage in the unlawful and unconstitutional conduct as herein alleged.

77.   Defendant COUNTY knew, or should have known, that by breaching the aforesaid duties and obligations that it was foreseeable that it would, and did, cause Plaintiffs to be injured and damaged by its wrongful policies and acts as alleged herein and that such breaches occurred in contravention of public policy and as to its legal duties and obligations to Plaintiffs.

78.   These actions, or inactions, of Defendant COUNTY are the legal cause of injuries to Plaintiffs as alleged herein; and as a result thereof, Plaintiffs have sustained general and special damages, as well as incurring attorneys fees, costs and expenses, including those as authorized by 42 U.S.C. §1988, to an extent and in an amount subject to proof at trial.

## EIGHTH CLAIM FOR RELIEF
### INJUNCTIVE RELIEF Against All Defendants.

79.   Plaintiffs reallege, adopt and incorporate all above paragraphs as though fully set forth herein.

80.   Plaintiffs, as citizens and individuals, are protected by the laws and Constitution of the United States, including the First, Fourth and Fourteenth Amendments thereto of the United States Constitution, and are subject to further violations of their rights by Defendants.

81.   By virtue of the conduct of their agents and employees, including Defendants Todmia, Allen, and Does 2 through 50, Defendant COUNTY has wrongfully and unlawfully, and with deliberate indifference to Plaintiffs' rights and to Defendants' duties and obligations to Plaintiffs, practiced and/or adopted policies, practices, procedures and/or customs which are in violation of Plaintiffs' Constitutional rights, including the right to be secure in their person, the right to due process, the right to be free from governmental interference as to their familial association and from

unreasonable searches or seizures, including, but not limited to school interviews, forensic interviews, and medical procedures, including examinations, of minors in their care or custody.

82.    Defendants have failed to acknowledge their improper, unlawful and unconstitutional actions, conduct and policies at the time of the subject incidents herein, and to correct said conduct and policies. Plaintiffs are informed and believe, and on that basis allege, that Defendants have not changed or modified such actions, conduct and/or policies to conform to law.

83.    Defendants' wrongful and unlawful conduct, actions and/or policies, unless and until enjoined and restrained by order of the court, will cause, and continue to cause, great and irreparable injury to Plaintiffs, and other individuals and citizens, in that Defendants, including the agents and employees of Defendant COUNTY, will continue to act in accordance with said unlawful policies, and with deliberate indifference to their duties and obligations under the laws and Constitution of the State of California, and of the United States, including the First, Fourth and Fourteenth amendments as herein before alleged.

84.    Plaintiffs have no adequate remedy at law to prevent or prohibit Defendants from continuing, and/or repeating, their unlawful and unconstitutional conduct and policies other than through injunctive relief, and therefore seek an order enjoining and prohibiting Defendants from, but not limited to, the following:

a. From failing to establish, implement, and follow polices, procedures, customs and practices mandated by the U.S. Constitution, as to the detention and interrogation of minor children at public schools without parental consent, presence or knowledge, valid court order, or exigent circumstances.

b. From failing to establish, implement, and follow policies, procedures, customs and practices mandated by the U.S. Constitution, as to the

detention and interrogation of minor children during forensic interviews without parental consent, presence or knowledge, valid court order, or exigent circumstances.

c. From failing to establish, implement, and follow policies, procedures, customs and practices mandated by the U.S. Constitution, as to conducting medical procedures, including examinations, of minor children without parental consent, presence or knowledge, court order or exigent circumstance.

d. From failing to properly supervise, manage, control, train and direct the activities of their officers, agents and employees as to their compliance with those principals mandated by the First, Fourth and Fourteenth Amendments to the United States Constitution and laws.

e. From such other prohibited and unlawful conduct as set forth herein.

## **PRAYER**

WHEREFORE, Plaintiffs request trial by jury and pray judgment against the Defendants as follows:

First Through Sixth Claims for Relief

1. General damages in an amount to be determined by proof at trial.

2. Special damages in an amount to be determined by proof at trial.

3. Punitive damages.

4. Attorney fees, costs and expenses as authorized by 42 U.S.C. Section 1988 according to proof.

5. Interest according to law.

6. Costs of this action.

7. Any other and further relief that the Court considers proper.

////

////

Seventh Claim for Relief

    1.    General damages in an amount to be determined by proof at trial.

    2.    Special damages in an amount to be determined by proof at trial.

    3.    Attorney fees, costs and expenses as authorized by 42 U.S.C. Section 1988 according to proof.

    4.    Interest according to law.

    5.    Costs of this action.

    6.    Any other and further relief that the Court considers proper.

Eighth Claim for Relief

    1.    Injunctive relief, as allowed by law (including preliminary injunctive relief based upon separate application).

    2.    Attorney fees, costs, penalties and expenses as authorized by 42 U.S.C. §1988, and other applicable laws, according to proof.

    3.    Any other and further relief that the Court considers proper.

DATED: February 20, 2019    LAW OFFICE OF DONNIE R. COX

        *s/ Donnie R. Cox*
        DONNIE R. COX, Attorney for Plaintiffs