1  Avi Burkwitz, Esq., Bar No.: 217225
   aburkwitz@pbbllp.com
2  Ryan A. Graham, Esq., Bar No.: 310186
   rgraham@pbbllp.com
3  **PETERSON · BRADFORD · BURKWITZ**
   100 North First Street, Suite 300
4  Burbank, California 91502
   Tel ....818.562.5800
5  Fax....818.562.5810
   Attorneys for Defendants,
6  COUNTY OF LOS ANGELES, *et al.*

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  ORLANDO ROUCHON,                    Case No. 2:18-CV-10029-VAP-MAA
                                        Hon. Virginia A. Phillips (Dist. Judge)
12              Plaintiff,              Hon. Maria A. Audero (Mag. Judge)

13       v.                            **DEFENDANTS' ANSWER TO
                                       PLAINTIFFS' FIRST AMENDED
14  COUNTY OF LOS ANGELES, *et al.*,   COMPLAINT (ECF NO. 14)**

15              Defendants.
                                       Complaint Filed: November 30, 2018
16                                     FAC Files: February 21, 2019

17  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

18        Defendants County of Los Angeles (the "County"), Gabriela Todmia, and

19  Kimberly Allen ("Defendants," collectively) answer the First Amended Complaint

20  (ECF No. 14) filed by Plaintiffs Orlando Rouchon, Wytasha Justice, and J.R. and

21  asserts as follows.

22        1.    Answering ¶ 1, Defendants admit the allegations.

23        2.    Answering ¶ 2, Defendants lack sufficient knowledge or information to

24  form a belief as to the truth of the allegations.

25        3.    Answering ¶ 3, Defendants admit the allegations.

26        4.    Answering ¶ 4, Defendants admit the allegations.

27        5.    Answering ¶ 5, Defendants admit that an FAC was filed that purports

28  to substitute Defendant Allen for one of the previously anonymous DOE defendants.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

1

Defendants lack sufficient information or knowledge to form a belief about the truth of the remaining allegations in ¶ 5 at the present time.

6.    Answering ¶ 6, Defendants admit that Defendants have named anonymous DOE defendants, numbered 2 through 50. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations.

7.    Answering ¶ 7, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

8.    Answering ¶ 8, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that "each and every Defendant was the agent and/or employee of their co-defendants." To the extent that the allegations that all Defendants were acting under color of authority implies Defendants were acting under color of policies promulgated by the County of Los Angeles or its Department of Children and Family Services (DCFS), Defendants deny such allegations. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in ¶ 8.

## **COMMON ALLEGATIONS[1]**

9.    Answering ¶ 9, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

10.    Answering ¶ 10, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

11.    Answering ¶ 11, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

12.    Answering ¶ 12, Defendants admit that Defendant Todmia was a social worker at the time, but lack sufficient information or knowledge to form a belief as

---

[1]  The headings used within this answer, until the prayer, correspond to those used in Plaintiffs' FAC and are employed for ease of reading. These headings do not constitute substantive admissions or denials.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California  91502
818.562.5800

to whether she had only been a social worker for "one year or less." Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations.

13.    Answering ¶ 13, Defendants admit that Defendant Todmia spoke with Plaintiff Wytasha, but lack sufficient information or knowledge at the present time to form a belief as to whether the interview was necessarily after the interview with Plaintiff J.R. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

14.    Answering ¶ 14, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

15.    Answering ¶ 15, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

16.    Answering ¶ 16, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

17.    Answering ¶ 17, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

18.    Answering ¶ 18, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

19.    Answering ¶ 19, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

20.    Answering ¶ 20, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

21.    Answering ¶ 21, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

22.    Answering ¶ 22, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

23.    Answering ¶ 23, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

24.     Answering ¶ 24, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

25.     Answering ¶ 25, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

26.     Answering ¶ 26, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

27.     Answering ¶ 27, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

28.     Answering ¶ 28, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

29.     Answering ¶ 29, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

30.     Answering ¶ 30, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS (42 USC §1983) (FOURTH AMENDMENT FOR UNLAWFUL DETENTION, QUESTIONING AND INTERVIEW AT SCHOOL) BY PLAINTIFF J.R. AGAINST DEFENDANT TODMIA and DOES 2 through 50

31.     Answering ¶ 31, Defendant Todmia re-alleges, adopts and incorporates as if set forth at length all paragraphs hereinabove.

32.     Answering ¶ 32, to the extent that the allegations are conclusions of law, Defendant Todmia lacks sufficient information or knowledge to form a belief as to the truth of such allegations. Defendant Todmia denies the remaining allegations.

33.     Answering ¶ 33, to the extent that the allegations are conclusions of law, Defendant Todmia lacks sufficient information or knowledge to form a belief as to the truth of such allegations. Defendant Todmia denies the remaining

allegations.

34.     Answering ¶ 34, to the extent that the allegations are conclusions of law, Defendant Todmia lacks sufficient information or knowledge to form a belief as to the truth of such allegations. Defendant Todmia denies the remaining allegations.

35.     Answering ¶ 35, to the extent that the allegations are conclusions of law, Defendant Todmia lacks sufficient information or knowledge to form a belief as to the truth of such allegations. Defendant Todmia denies the remaining allegations.

36.     Answering ¶ 36, to the extent that the allegations are conclusions of law, Defendant Todmia lacks sufficient information or knowledge to form a belief as to the truth of such allegations. Defendant Todmia denies the remaining allegations.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS (42 USC §1983) (FOURTEENTH AMENDMENT AND FIRST AMENDMENT AS TO UNLAWFUL DETENTION, QUESTIONING AND INTERVIEW AT SCHOOL) BY ALL PLAINTIFFS AGAINST DEFENDANTS TODMIA and DOES 2-50

37.     Answering ¶ 37, Defendant Todmia re-alleges, adopts and incorporates as if set forth at length all paragraphs hereinabove.

38.     Answering ¶ 38, to the extent that the allegations are conclusions of law, Defendant Todmia lacks sufficient information or knowledge to form a belief as to the truth of such allegations. Defendant Todmia denies the remaining allegations.

39.     Answering ¶ 39, to the extent that the allegations are conclusions of law, Defendant Todmia lacks sufficient information or knowledge to form a belief as to the truth of such allegations. Defendant Todmia denies the remaining allegations.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California  91502
818.562.5800

DEFENDANTS' ANSWER TO PLAINTIFFS' FAC (ECF No. 14)
Case No. 2:18-CV-10029-VAP-MAA

40.     Answering ¶ 40, to the extent that the allegations are conclusions of law, Defendant Todmia lacks sufficient information or knowledge to form a belief as to the truth of such allegations. Defendant Todmia denies the remaining allegations.

41.     Answering ¶ 41, to the extent that the allegations are conclusions of law, Defendant Todmia lacks sufficient information or knowledge to form a belief as to the truth of such allegations. Defendant Todmia denies the remaining allegations.

42.     Answering ¶ 42, to the extent that the allegations are conclusions of law, Defendant Todmia lacks sufficient information or knowledge to form a belief as to the truth of such allegations. Defendant Todmia denies the remaining allegations.

43.     Answering ¶ 43, to the extent that the allegations are conclusions of law, Defendant Todmia lacks sufficient information or knowledge to form a belief as to the truth of such allegations. Defendant Todmia denies the remaining allegations.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS (42 USC §1983) (FOURTH AMENDMENT FOR UNLAWFUL DETENTION, QUESTIONING AND FORENSIC INTERVIEW) BY PLAINTIFF J.R. AGAINST DEFENDANT ALLEN and DOES 2 through 50

44.     Answering ¶ 44, Defendant Allen re-alleges, adopts and incorporates as if set forth at length all paragraphs hereinabove.

45.     Answering ¶ 45, to the extent that the allegations are conclusions of law, Defendant Allen lacks sufficient information or knowledge to form a belief as to the truth of such allegations. Defendant Allen denies the remaining allegations.

46.     Answering ¶ 46, to the extent that the allegations are conclusions of law, Defendant Allen lacks sufficient information or knowledge to form a belief as

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

1   to the truth of such allegations. Defendant Allen denies the remaining allegations.

2       47.     Answering ¶ 47, to the extent that the allegations are conclusions of

3   law, Defendant Allen lacks sufficient information or knowledge to form a belief as

4   to the truth of such allegations. Defendant Allen denies the remaining allegations.

5       48.     Answering ¶ 48, to the extent that the allegations are conclusions of

6   law, Defendant Allen lacks sufficient information or knowledge to form a belief as

7   to the truth of such allegations. Defendant Allen denies the remaining allegations.

8       49.     Answering ¶ 49, to the extent that the allegations are conclusions of

9   law, Defendant Allen lacks sufficient information or knowledge to form a belief as

10   to the truth of such allegations. Defendant Allen denies the remaining allegations.

11   ## FOURTH CLAIM FOR RELIEF

12   ## VIOLATION OF CIVIL RIGHTS (42 USC §1983) (FOURTEENTH

13   ## AMENDMENT AND FIRST AMENDMENT AS TO UNLAWFUL

14   ## DETENTION, QUESTIONING AND FORENSIC INTERVIEW) BY ALL

15   ## PLAINTIFFS AGAINST DEFENDANTS ALLEN and DOES 2 through 50

16       50.     Answering ¶ 50, Defendant Allen re-alleges, adopts and incorporates as

17   if set forth at length all paragraphs hereinabove.

18       51.     Answering ¶ 51, to the extent that the allegations are conclusions of

19   law, Defendant Allen lacks sufficient information or knowledge to form a belief as

20   to the truth of such allegations. Defendant Allen denies the remaining allegations.

21       52.     Answering ¶ 52, to the extent that the allegations are conclusions of

22   law, Defendant Allen lacks sufficient information or knowledge to form a belief as

23   to the truth of such allegations. Defendant Allen denies the remaining allegations.

24       53.     Answering ¶ 53, to the extent that the allegations are conclusions of

25   law, Defendant Allen lacks sufficient information or knowledge to form a belief as

26   to the truth of such allegations. Defendant Allen denies the remaining allegations.

27       54.     Answering ¶ 54, to the extent that the allegations are conclusions of

28   law, Defendant Allen lacks sufficient information or knowledge to form a belief as

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

1    to the truth of such allegations. Defendant Allen denies the remaining allegations.

2        55.    Answering ¶ 55, to the extent that the allegations are conclusions of

3    law, Defendant Allen lacks sufficient information or knowledge to form a belief as

4    to the truth of such allegations. Defendant Allen denies the remaining allegations.

5        56.    Answering ¶ 56, to the extent that the allegations are conclusions of

6    law, Defendant Allen lacks sufficient information or knowledge to form a belief as

7    to the truth of such allegations. Defendant Allen denies the remaining allegations.

## FIFTH CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS (42 USC §1983) (FOURTH AMENDMENT FOR UNLAWFUL MEDICAL PROCEDURES, INCLUDING EXAMINATION) BY PLAINTIFF J.R. AGAINST DEFENDANTS ALLEN and DOES 2 through 50

13       57.    Answering ¶ 57, Defendant Allen re-alleges, adopts and incorporates as

14   if set forth at length all paragraphs hereinabove.

15       58.    Answering ¶ 58, to the extent that the allegations are conclusions of

16   law, Defendant Allen lacks sufficient information or knowledge to form a belief as

17   to the truth of such allegations. Defendant Allen denies the remaining allegations.

18       59.    Answering ¶ 59, to the extent that the allegations are conclusions of

19   law, Defendant Allen lacks sufficient information or knowledge to form a belief as

20   to the truth of such allegations. Defendant Allen denies the remaining allegations.

21       60.    Answering ¶ 60, to the extent that the allegations are conclusions of

22   law, Defendant Allen lacks sufficient information or knowledge to form a belief as

23   to the truth of such allegations. Defendant Allen denies the remaining allegations.

24       61.    Answering ¶ 61, to the extent that the allegations are conclusions of

25   law, Defendant Allen lacks sufficient information or knowledge to form a belief as

26   to the truth of such allegations. Defendant Allen denies the remaining allegations.

27       62.    Answering ¶ 62, to the extent that the allegations are conclusions of

28   law, Defendant Allen lacks sufficient information or knowledge to form a belief as

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

to the truth of such allegations. Defendant Allen denies the remaining allegations.

## SIXTH CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS (42 USC §1983) (FOURTEENTH AMENDMENT AND FIRST AMENDMENT AS TO UNLAWFUL MEDICAL PROCEDURES, INCLUIDNG EXAMINATIONS) BY ALL PLAINTIFFS AGAINST DEFENDANTS ALLEN and DOES 2 through 50

63.     Answering ¶ 63, Defendant Allen re-alleges, adopts and incorporates as if set forth at length all paragraphs hereinabove.

64.     Answering ¶ 64, to the extent that the allegations are conclusions of law, Defendant Allen lacks sufficient information or knowledge to form a belief as to the truth of such allegations. Defendant Allen denies the remaining allegations.

65.     Answering ¶ 65, to the extent that the allegations are conclusions of law, Defendant Allen lacks sufficient information or knowledge to form a belief as to the truth of such allegations. Defendant Allen denies the remaining allegations.

66.     Answering ¶ 66, to the extent that the allegations are conclusions of law, Defendant Allen lacks sufficient information or knowledge to form a belief as to the truth of such allegations. Defendant Allen denies the remaining allegations.

67.     Answering ¶ 67, to the extent that the allegations are conclusions of law, Defendant Allen lacks sufficient information or knowledge to form a belief as to the truth of such allegations. Defendant Allen denies the remaining allegations.

68.     Answering ¶ 68, to the extent that the allegations are conclusions of law, Defendant Allen lacks sufficient information or knowledge to form a belief as to the truth of such allegations. Defendant Allen denies the remaining allegations.

69.     Answering ¶ 69, to the extent that the allegations are conclusions of law, Defendant Allen lacks sufficient information or knowledge to form a belief as to the truth of such allegations. Defendant Allen denies the remaining allegations.

70.     Answering ¶ 70, to the extent that the allegations are conclusions of law, Defendant Allen lacks sufficient information or knowledge to form a belief as

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

1 to the truth of such allegations. Defendant Allen denies the remaining allegations.

2   71. Answering ¶ 71, to the extent that the allegations are conclusions of

3 law, Defendant Allen lacks sufficient information or knowledge to form a belief as

4 to the truth of such allegations. Defendant Allen denies the remaining allegations.

5   72. Answering ¶ 72, to the extent that the allegations are conclusions of

6 law, Defendant Allen lacks sufficient information or knowledge to form a belief as

7 to the truth of such allegations. Defendant Allen denies the remaining allegations.

8 <u>**SEVENTH CLAIM FOR RELIEF**</u>

9 <u>**MONELL RELATED CLAIMS By Plaintiffs Against Defendant COUNTY**</u>

10   73. Answering ¶ 73, Defendant County re-alleges, adopts and incorporates

11 as if set forth at length all paragraphs hereinabove.

12   74. Answering ¶ 74, to the extent that the allegations are conclusions of

13 law, Defendant County lacks sufficient information or knowledge to form a belief as

14 to the truth of such allegations. Defendant County denies the remaining allegations.

15   75. Answering ¶ 75, to the extent that the allegations are conclusions of

16 law, Defendant County lacks sufficient information or knowledge to form a belief as

17 to the truth of such allegations. Defendant County denies the remaining allegations.

18   76. Answering ¶ 76, to the extent that the allegations are conclusions of

19 law, Defendant County lacks sufficient information or knowledge to form a belief as

20 to the truth of such allegations. Defendant County denies the remaining allegations.

21   77. Answering ¶ 77, to the extent that the allegations are conclusions of

22 law, Defendant County lacks sufficient information or knowledge to form a belief as

23 to the truth of such allegations. Defendant County denies the remaining allegations.

24   78. Answering ¶ 78, to the extent that the allegations are conclusions of

25 law, Defendant County lacks sufficient information or knowledge to form a belief as

26 to the truth of such allegations. Defendant County denies the remaining allegations.

27 ///

28 ///

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

## EIGHTH CLAIM FOR RELIEF

## INJUNCTIVE RELIEF AGAINST ALL DEFENDANTS

79.    Answering ¶ 79, Defendants re-allege, adopt and incorporate as if set forth at length all paragraphs hereinabove.

80.    Answering ¶ 80, to the extent that the allegations are conclusions of law, Defendants lack sufficient information or knowledge to form a belief as to the truth of such allegations. Defendants deny the remaining allegations.

81.    Answering ¶ 81, to the extent that the allegations are conclusions of law, Defendants lack sufficient information or knowledge to form a belief as to the truth of such allegations. Defendants deny the remaining allegations.

82.    Answering ¶ 82, to the extent that the allegations are conclusions of law, Defendants lack sufficient information or knowledge to form a belief as to the truth of such allegations. Defendants deny the remaining allegations.

83.    Answering ¶ 83, to the extent that the allegations are conclusions of law, Defendants lack sufficient information or knowledge to form a belief as to the truth of such allegations. Defendants deny the remaining allegations.

84.    Answering ¶ 84, to the extent that the allegations are conclusions of law, Defendants lack sufficient information or knowledge to form a belief as to the truth of such allegations. Defendants deny the remaining allegations.

## PRAYER

85.    Plaintiffs' prayer for relief does not require a response, but to the extent a response is required, Defendants deny that Plaintiffs are entitled to judgment or to the relief sought.

## RESIDUAL DENIAL

86.    Defendants specifically deny each and every allegation of the FAC not otherwise expressly admitted or otherwise answered.

## DEMAND FOR JURY TRIAL

87.    Defendants hereby demand a jury trial.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California  91502
818.562.5800

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

## AFFIRMATIVE DEFENSES

Defendants specifically deny all of the allegations contained in the First Amended Complaint not previously answered. For further and separate answer, Defendants allege as follows:

*Affirmative Defense No. 1.*

Plaintiffs' FAC fails to state a claim upon which relief can be granted against Defendants.

*Affirmative Defense No. 2.*

Plaintiffs fail to state any claim against Defendants County, Todmia, or Allen for conspiracy under 42 U.S.C § 1983.

*Affirmative Defense No. 3.*

Plaintiffs fail to state any claim against Defendants County, Todmia, or Allen for conspiracy under 42 U.S.C § 1985.

*Affirmative Defense No. 4.*

Plaintiffs fail to state any claim against Defendants County, Todmia, or Allen under the First Amendment to the U.S. Constitution.

*Affirmative Defense No. 5.*

Defendants Todmia and Allen are entitled to absolute immunity for any discretionary, quasi-prosecutorial decisions to institute proceedings in the juvenile court to detain J.R. from Plaintiffs Orlando Rouchon and Wytasha Justice that Plaintiffs allege resulted in violations of the First, Fourth, or Fourteenth Amendments under 42 U.S.C. §§ 1983, 1985.

*Affirmative Defense No. 6.*

Defendants Todmia and Allen are entitled to absolute immunity for prosecutorial-type functions performed during the dependency proceedings, after the juvenile court ordered J.R. to be detained, that may have resulted in any of the alleged violations of the First, Fourth, or Fourteenth Amendments under 42 U.S.C. §§ 1983, 1985.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

*Affirmative Defense No. 7.*

Defendants Todmia and Allen are entitled to absolute judicial and testimonial immunity for any of the alleged violations of the First, Fourth, or Fourteenth Amendments under 42 U.S.C. §§ 1983, 1985.

*Affirmative Defense No. 8.*

Based on information and belief, Defendants allege that, to the extent that the injuries alleged herein, if any, resulted from acts and/or omissions of employees, servants or agents of Defendant County of Los Angeles, those individuals are immune from liability under 42 U.S.C. §§ 1983 and 1985 for those acts and/or omissions performed in their official capacity, and not in their personal capacity, and in acting as state officials, they are immune from suit under the Eleventh Amendment to the United States Constitution. *McMillian v. Monroe County*, 520 U.S. 781 (1997); *County of Los Angeles v. Superior Court* (*Peters*), 68 Cal. App. 4th 1166 (1998); *Brandt v. Board of Superior*, 84 Cal. App. 3d 598 (1978).

*Affirmative Defense No. 9.*

Defendants Todmia and Allen are entitled to qualified immunity on the grounds that no violation of any constitutionally-protected interests under the First Amendment occurred.

*Affirmative Defense No. 10.*

Defendants Todmia and Allen are entitled to qualified immunity on the grounds that no violation of any constitutionally-protected interests under the Fourth Amendment occurred.

*Affirmative Defense No. 11.*

Defendants Todmia and Allen are entitled to qualified immunity on the grounds that no violation of any constitutionally-protected interests under the Fourteenth Amendment occurred.

///

///

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

*Affirmative Defense No. 12.*

Defendants Todmia is entitled to qualified immunity on the grounds that the applicable law did not clearly establish that her conduct in allegedly causing Plaintiff J.R. to be detained, seized, questioned, and interviewed in a school was unlawful under the First, Fourth, or Fourteenth Amendments.

*Affirmative Defense No. 13.*

Defendant Todmia is entitled to qualified immunity on the grounds that a reasonable official would have believed that her conduct in allegedly causing Plaintiff J.R. to be detained, seized, questioned, and interviewed in a school was lawful under the circumstances she (Todmia) faced.

*Affirmative Defense No. 14.*

Defendant Allen is entitled to qualified immunity on the grounds that the applicable law did not clearly establish that her conduct in allegedly causing Plaintiff J.R. to be detained, questioned, and forensically interviewed was unlawful under the First, Fourth, or Fourteenth Amendments.

*Affirmative Defense No. 15.*

Defendant Allen is entitled to qualified immunity on the grounds that a reasonable official would have believed that her conduct in allegedly causing Plaintiff J.R. to be detained, questioned, and forensically interviewed was lawful under the circumstances she (Allen) faced.

*Affirmative Defense No. 16.*

Defendant Allen is entitled to qualified immunity on the grounds that the applicable law did not clearly establish that her conduct in allegedly causing Plaintiff J.R. to be subjected to medical procedures, including a medical examination, was unlawful under the First, Fourth, or Fourteenth Amendments.

*Affirmative Defense No. 17.*

Defendant Allen is entitled to qualified immunity on the grounds that a reasonable official would have believed that her conduct in allegedly causing

14

1  Plaintiff J.R. to be subjected to medical procedures, including a medical

2  examination was lawful under the circumstances she (Allen) faced.

3  *Affirmative Defense No. 18.*

4      The eighth claim for relief, captioned as "injunctive relief," fails to state a

5  claim because it is a remedy, not a claim for relief.

6  *Affirmative Defense No. 19.*

7      Defendants' actions were reasonable, proper, authorized, and lawful under

8  California Welfare and Institutions Code sections 300, 305, 307, and 309.

9  *Affirmative Defense No. 20.*

10     Defendants allege, without admitting liability or the truth of Plaintiffs'

11  allegations, that Defendants had authority to take custody of Plaintiff J.R., pursuant

12  to California Welfare and Institutions Code sections 305 and 306, and that the

13  actions of these answering Defendants were reasonable, proper, authorized and

14  lawful.

15  *Affirmative Defense No. 21.*

16     Without admitting liability, Defendants allege that the County of Los

17  Angeles, a public entity, is not liable for an injury caused by misrepresentation by an

18  employee of the public entity, whether negligent or intentional.

19  *Affirmative Defense No. 22.*

20     Without admitting liability, Defendants allege that the County of Los

21  Angeles, a public entity, is not liable for the act or injury of an employee when the

22  employee is immune from liability.

23  *Affirmative Defense No. 23.*

24     Defendants are informed and believe, and on such bases allege, that the

25  claims in the FAC are barred by the applicable statute of limitations.

26  ///

27  ///

28  ///

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

15

1

*Affirmative Defense No. 24.*

2

Defendants' actions were with consent of Plaintiffs.

3

Plaintiffs' claims are barred by the doctrine of unclean hands.

4

*Affirmative Defense No. 25.*

5

Plaintiffs' claims against Defendants are barred by the doctrine of waiver.

6

*Affirmative Defense No. 26.*

7

Defendants' conduct was reasonably necessary to avert injury to J.R.

8

*Affirmative Defense No. 27.*

9

Defendants allege, without admitting liability or the truth of Plaintiffs'

10

allegations, that Defendants' conduct is protected by the defense of others privilege.

11

*Affirmative Defense No. 28.*

12

Plaintiffs' claims are barred by the Rooker-Feldman doctrine.

13

*Affirmative Defense No. 29.*

14

Plaintiffs' claims are barred by the doctrine of issue preclusion and/or

15

collateral estoppel.

16

*Affirmative Defense No. 30.*

17

Plaintiffs' claims are barred by the doctrine of claim preclusion and/or res

18

judicata.

19

*Affirmative Defense No. 31.*

20

The damages sustained by Plaintiffs, if any, were legally caused by and

21

contributed to by the Plaintiffs' own acts, omissions, negligence, and failure to take

22

reasonable and necessary actions to eliminate, mitigate, lessen, reduce and minimize

23

those damages, barring or reducing Plaintiffs' recovery.

24

*Affirmative Defense No. 32.*

25

Plaintiffs knowingly and voluntarily assumed the risk of the conduct, events,

26

and matter alleged in the FAC, and any injuries or damages sustained by Plaintiffs

27

were the sole, exclusive, and legal result of those risks, barring or reducing

28

Plaintiffs' recovery.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

1  *Affirmative Defense No. 33.*

2      The damages sustained by Plaintiffs, if any, were proximately caused by the

3  acts, omissions, negligence, fraud, and breach of obligations by persons or entities

4  other than the Defendants, and they request that an allocation of such liability be

5  made among those other persons or entities, and that if any liability is found on the

6  part of Defendants, judgment against them be limited to the amount that is

7  proportionate to the extent that their omissions contributed to Plaintiffs' injuries.

8  *Affirmative Defense No. 34.*

9      Plaintiffs are not entitled to recover punitive damages from Defendants in that

10 the criterion for punitive damages is vague and uncertain and violates Defendants'

11 substantive and due process rights under the U.S. Constitution and the California

12 Constitution.

13 *Affirmative Defense No. 35.*

14     Plaintiff is not entitled to recover punitive damages against the Social Worker

15 Defendants, as no facts are pled which indicate that punitive damages are

16 recoverable under Federal Law or California Civil Code section 3294. Further,

17 Defendants allege that Plaintiffs' FAC fails to meet a clear and convincing burden

18 of proof to justify an award of punitive and/or exemplary damages, as required by

19 California Civil Code section 3294, and applicable Federal Law and decisional

20 authority.

21 *Affirmative Defense No. 36.*

22     The imposition of punitive damages constitutes an impermissible restriction

23 on speech and a violation of the First Amendment of the United States Constitution.

24 DATED:  March 21, 2019                    PETERSON · BRADFORD · BURKWITZ

25

26                                          By:  */s/ Ryan A. Graham*
                                                 Avi Burkwitz, Esq.
27                                               Ryan A. Graham, Esq.
                                                 *Attorneys for Defendants,*
28                                               COUNTY OF LOS ANGELES, *et al.*

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 100 North First Street, Suite 300, Burbank, California 91502.

On March 21, 2019, I served the foregoing document described as: **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT (ECF NO. 14)** on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

## SEE ATTACHED MAILING LIST

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY FACSIMILE:** I served by facsimile a true copy of the above-described document.  I am "readily familiar" with this firm's practice of processing correspondence by fax.  Under that practice documents are placed in our fax machine and are processed and received simultaneously at their destination. The above-referenced document(s) was placed in the fax machine with all costs of faxing prepaid, directed to each party (using their fax number), listed on the attached Service List.  Once the document has been transmitted, the fax machine provides a report indicating time of completion.

☐ **BY OVERNIGHT EXPRESS MAIL:**  As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence by Overnight Express mailing. Under that practice it was deposited with the Overnight Express service on that same day with proper postage thereon fully prepaid at Burbank, California in the ordinary course of business.

☐ **BY PERSONAL SERVICE:**  I delivered such envelope by hand to the addressee.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 21, 2019, at Burbank, California.

*/s/ Lilliana Rosales*

Lilliana Rosales

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

## SERVICE LIST

**RE:**     **Rouchon, Orlando et al v. County of Los Angeles et al**

        **Case No.:**     2:18-CV-10029-VAP-MAA

Donnie R. Cox, Esq.
**Law Offices of Donnie R. Cox**
402 North Nevada Street
Oceanside, CA 92054

T: (760) 400-0263
F: (760) 400-0269
E: drc@drcoxlaw.com

**Attorney for Plaintiff's**
**Orlando Rouchon et al.**

Paul W. Leehey, Esq.
**Law Office of Paul W. Leehey**
210 E. Fig Street, Ste 101
Fallbrook, CA 92028

T: (760) 723-0711
F: (760) 723-6533
E: law@leehey.com

**Attorney for Plaintiff's**
**Orlando Rouchon et al.**

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

**DEFENDANTS' ANSWER TO PLAINTIFFS' FAC (ECF NO. 14)**
Case No. 2:18-CV-10029-VAP-MAA