1

2

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN/EASTERN DIVISION**

3

4

ORLANDO ROUCHON , et al.

Plaintiff(s),

5

v.

6

COUNTY OF LOS ANGELES , et al.

7

8

Defendant(s).

9

10

11

12

13

14

15

16

CASE NO:
**2:18–cv–10029–VAP–MAA**

**CIVIL TRIAL SCHEDULING ORDER**

Last Day for hearing on a Motion to
Amend Pleadings or Add New Parties:
August 5, 2019

Deadline for Initial Designation of Expert
Witnesses: 8/12/2019

Deadline for Designation of Rebuttal Expert
Witnesses: 8/26/2019

Discovery Cut–Off: September 9, 2019

Summary Judgment Motion Hearing Cut–Off:
10/28/2019 at 2:00 p.m.

Last Day to Conduct Mediation:
7/29/2019

Pretrial Conference:
November 25, 2019 at  02:30 PM

Jury Trial:
December 3, 2019 at  08:30 AM

17     This case is set for trial before the Honorable Virginia A. Phillips, Chief

18   United States District Judge, Courtroom 8A, First Street Courthouse, 350 West 1st

19   Street, Los Angeles, California.

20                                   **Motions**

21     Judge Phillips hears motions in civil cases on Mondays at 2:00 p.m. The cut-

22   off date for hearing motions is the last day on which motions will be heard, i.e., the

23   motion must be filed at least 28 days before the deadline in accordance with the

24   requirements of Local Civil Rule 6-1.

25   \\\

26   \\\

1

1  **Mandatory chambers copies. The Court requires ONE mandatory chambers**
2  **copy of ONLY the following filed documents:**
3      a.      **Motions and related documents;**
4      b.      ***Ex parte* applications and related documents;**

5

6      The cut-off date applies to all non-discovery motions except motions directly
7  related to the conduct of trial, e.g., motions in limine and motions to sever parties
8  or bifurcate issues for trial. If a cut-off date for hearing motions has not been set
9  by the Court, the cut-off date shall be at least twenty-one (21) days before the
10 Pretrial Conference. All motions in limine and other trial-related motions must be
11 properly noticed for hearing no later than the date of the Pretrial Conference. Each
12 side is limited to three (3) motions in limine and each motion shall not be
13 compound; i.e., each motion shall address only one item of evidence or witness
14 or, if common grounds for exclusion or admission apply to multiple items of
15 evidence or witnesses, only one category of evidence or witnesses. A party
16 seeking to make more than three motions in limine must request leave of court
17 to do so. The parties are reminded that the purpose of a motion in limine is to
18 make a threshold determination of the admissibility of specific evidence, not to
19 determine the legal sufficiency of a party's claims or defenses.
20     **All parties and counsel must comply with Local Rule 7-16, which**
21 **provides as follows:**
22     **Any moving party who intends to withdraw the motion before the**
23     **hearing date shall file and serve a withdrawal of the motion, not later**
24     **than (7) days preceding the hearing. Any opposing party who no**
25     **longer intends to oppose the motion, shall file and serve a withdrawal of**
26     **the opposition, not later than seven (7) days preceding the hearing.**

1       Failure to comply with this notification requirement may result in the

2 imposition of sanctions on the offending counsel and party.

3

4                                 **Discovery**

5       Counsel shall initiate all discovery other than depositions at least forty-five

6 (45) days prior to the cut-off date. The Court will not approve stipulations between

7 counsel which permit responses to be served after the cut-off date except in unusual

8 circumstances and for good cause shown.

9       All depositions must be completed by the discovery cut-off deadline. Counsel

10 shall lodge all original depositions that will be used in trial with the

11 Courtroom Deputy Clerk on the first day of trial.

12       Discovery should be kept to a minimum and should focus only on issues

13 genuinely in dispute. Counsel are expected to resolve discovery problems without

14 the assistance of the Court. Discovery disputes have been referred to the United

15 States Magistrate Judge assigned to this case. The **discovery cut-off** is the last date

16 to complete discovery, including expert discovery. It is also the last day for hearing

17 any discovery motion.

18       If not separately set forth above, the required expert disclosures shall be made

19 seventy (70) days before the discovery cut-off date.

20

21                     **Settlement Procedures**

22       Local Rule 16-2.9 requires the parties in every case to participate in a formal

23 settlement proceeding. Counsel must complete the settlement conference or

24 mediation by the date listed above and shall include in the proposed Pretrial

25 Conference Order a status report detailing what procedure has been followed, and

26 and the status of settlement efforts. The following procedures are available:

1        **Settlement Procedure No. 1** - Unless an alternative settlement procedure

2    has been selected by the parties, and with the concurrence of the Court, the parties

3    shall appear before the Court or before the Magistrate Judge assigned to the case

4    for such settlement proceedings as the Court may conduct or direct.

5        **Settlement Procedure No. 2** - The parties shall appear before an attorney

6    selected from the Attorney Settlement Officer Panel, or before an attorney

7    appointed by the Court for settlement proceedings.

8        **Settlement Procedure No. 3** - The parties shall appear before a retired

9    judicial officer or other private dispute resolution body for settlement proceedings.

10    Unless otherwise ordered by the Judge or the Magistrate Judge conducting a

11    settlement conference (whose procedures will apply if different from those set forth

12    here), the parties shall follow the "Requirements for Settlement Procedures" set

13    forth in Local Rule 16-15.5.

14        If a settlement is reached, it shall be reported immediately to this Court as

15    required by Local Rule 16-15.7. **In all cases set for jury trial, the parties must**

16    **notify the Court, no later than the Wednesday preceding the Tuesday trial**

17    **date, of any settlement, so that the necessary arrangements can be made to**

18    **bring in a different case for trial or notify the members of the public who**

19    **would otherwise be reporting for jury duty that their services are not needed**

20    **that date.**

21        **Failure to comply with this notification requirement may result in the**

22    **imposition of sanctions on counsel for one or more parties, or their clients,**

23    **or both.**

24                           **Pretrial Conference**

25        The Court will conduct a Pretrial Conference in this case pursuant to Federal

26    Rule of Civil Procedure 16 and Local Rule 16 on the date and time listed above.

Each party appearing in this action shall be represented at the Pretrial Conference and at all pretrial meetings by the lead trial counsel. Counsel should be prepared to discuss streamlining the trial, including presentation of testimony by deposition excerpts, time limits, stipulations as to undisputed facts, and qualification of experts by admitted resumes. In rare cases where the Pretrial Conference is waived by the Court, counsel must follow Local Rule 16-11.2

**Pretrial Filings**

Counsel shall submit carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial briefs) and a proposed Pretrial Conference Order in accordance with the provisions of Local Rules 16-4 through 16-7. The form of the proposed Pretrial Conference Order shall be in conformity with the form set forth in Appendix A to the Local Rules.

The Memoranda of Contentions of Fact and Law shall be served not later than twenty-one (21) calendar days before the Pretrial Conference. The proposed Pretrial Conference Order shall be lodged eleven (11) calendar days before the Pretrial Conference.

In drafting the proposed Pretrial Conference Order, counsel shall make a good faith effort to agree on and set forth as many uncontested facts as possible. The Court may read the uncontested facts to the jury at the start of the trial. Carefully drafted and comprehensively stated stipulations of facts will reduce the length of trial and increase the jury's understanding of the case.

In drafting the factual issues in dispute for the proposed Pretrial Conference Order, the issues of fact should track the elements of a claim or defense upon which the jury would be required to make findings. Counsel should attempt to state issues in ultimate fact form, not in the form of evidentiary fact issues (i.e., "was the

1   defendant negligent," "was such negligence the proximate cause of injury to the

2   plaintiff," "was the plaintiff negligent;" not, "was the plaintiff standing on the

3   corner of 5th and Spring at 10:00 a.m. on May 3"). Counsel may list sub-issues

4   under the headings of ultimate fact issues, but should not use this as a device to

5   list disputes over evidentiary matters. In general, the issues of fact should set

6   forth the disputed elements of the claims or affirmative defenses.

7        Issues of law should state legal issues upon which the Court will be required

8   to rule after the Pretrial Conference, including during the trial, and should not list

9   ultimate fact issues to be submitted to the trier of fact.

10       If expert witnesses are to be called at trial, each party shall list and identify its

11  respective expert witnesses. Failure of a party to list and identify an expert witness

12  in the proposed Pretrial Conference Order shall preclude a party from calling that

13  expert witness at trial.

14

15  **Exhibit and Witness Lists**

16       Counsel are to prepare their exhibits by placing them in 3-hole notebooks

17  which are tabbed down the right side with exhibit numbers. The notebooks are to

18  be prepared with an original for the Courtroom Deputy Clerk, which shall be

19  tagged with the appropriate exhibit tags in the upper right hand corner of the first

20  page of each exhibit, and one copy for the Court. Each notebook shall contain a

21  list of the included exhibits. The exhibits are to be numbered in accordance with

22  Local Rule 26-3. Counsel can obtain exhibit tags at the Clerk's Office, 4th Floor,

23  First Street Court House, 350 West 1st Street, Los Angeles.

24       The Court requires the following to be submitted to the Courtroom Deputy

25  Clerk on the first day of trial:

26  \\\

- The original exhibits with the Court's exhibit tags. The parties shall use yellow tags for plaintiff and blue tags for defendant, which shall be stapled to the front of the exhibit on the upper right corner with the case number, case name, and exhibit number placed on each tag.
- One bench book with a copy of each exhibit for use by the Court, tabbed with numbers as described above. (Court's exhibit tags not necessary.)
- Three (3) copies of exhibit lists.

The exhibit lists shall be in the form indicated by the following example:

Case Title: _____   Case No. _____

| No. of Exhibit | Description | Date Identified | Date Admitted |
|---|---|---|---|
| 3 | Letter from Doe to Roe | | |

- Three (3) copies of witness lists in the order in which the witnesses may be called to testify.

The witness lists shall be in the form indicated by the following example:

Case Title: _____   Case No. _____

| Name of Witness | Date called to testify |
|---|---|
| 1. John Doe | _____ |
| 2. Jane Roe | _____ |

All counsel are to meet no later than ten (10) calendar days before trial and to stipulate to the extent possible to foundation, waiver of the best evidence rule, and

1    which exhibits may be received into evidence at the start of trial. The exhibits to be

2    received will be noted on the extra copies of the exhibit lists.

3

4    **<u>Jury Instructions</u>**

5         Fourteen (14) calendar days prior to the Rule 16-2 Meeting of Counsel,

6    counsel shall exchange proposed jury instructions and special verdict forms (if

7    applicable). Seven (7) calendar days prior to the Rule 16-2 meeting, counsel shall

8    exchange any objections to the instructions and special verdict forms. Prior to, or

9    at the time of the Rule 16-2 meeting, counsel shall meet and confer with the goal

10   of reaching agreement to one set of joint, undisputed jury instructions and one

11   special verdict form.

12        The parties must file proposed jury instructions seven (7) calendar days

13   before the Pretrial Conference. As always, the parties must submit courtesy copies

14   directly to the Court. In addition, the parties must submit electronic versions

15   (Word.docx format) to the Court at the following electronic mail address:

16   VAP_Chambers@cacd.uscourts.gov.

17        As noted above, the parties must act jointly to submit proposed jury

18   instructions. The parties must submit one set of agreed upon jury instructions. The

19   parties must submit another set of jury instructions containing the instructions upon

20   which the parties disagree and the objections to those instructions.

21        Where the parties disagree on an instruction, the party opposing the

22   instruction must attach a short (i.e., one to two paragraphs) statement supporting

23   the objection and the party submitting the instruction must attach a short statement

24   supporting the instruction. Each statement should be on a a separate page and

25   should follow directly after the disputed instruction.

26   \\\

1        Accordingly, the parties ultimately will submit one document or, if the parties

2   disagree over any proposed jury instructions, two documents. If the parties submit

3   two documents, those documents should consist of: (1) a set of agreed upon jury

4   instructions and (2) a set of disputed jury instructions along with reasons supporting

5   and opposing each disputed instruction.

6        The parties should make every attempt to agree upon the jury instructions

7   before submitting them to the Court. In addition, where the Manual of Model Civil

8   Jury Instructions for the Ninth Circuit (2007 edition) provides a version of a

9   requested instruction, the parties should submit the Model instruction. Where

10  California law applies, the Court prefers counsel to use *Judicial Council of*

11  *California, Civil Instructions* - ("CACI"). If neither of the above sources has an

12  instruction on the subject, counsel are directed to Kevin F. O'Malley, et al.,

13  *Federal Jury Practice and Instructions – Civil* (6th ed.). Each requested jury

14  instruction shall cover only one subject or principle of law and shall be numbered

15  and set forth in full on a separate page, citing the authority or source of the

16  requested instruction (except for the jury copy discussed infra).

17       The Court will send a copy of the jury instructions into the jury room for use

18  by the jury during deliberations. Accordingly, in addition to the file copies

19  described above, the parties shall file with the Courtroom Deputy Clerk on the

20  first day of the trial a "clean set" of joint and/or proposed jury instructions which

21  contain only the text of each instruction set forth in full on each page, with the

22  caption "Court's Instruction Number ___"(eliminating titles, supporting authority,

23  indication of party proposing, etc.). This will be referred to as the "Jury Copy" of

24  the jury instructions.

25

26       An index page shall accompany all jury instructions submitted to the Court.

The index page shall indicate the following:

- The number of the instruction;

- A brief title of the instruction;

- The source of the instruction and any relevant case citations; and

- The page number of the instruction.

EXAMPLE:

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Burden of Proof | 9th Circ. 12.02 | 7 |

**Joint Statement of the Case**

Counsel shall prepare a joint statement of the case which will be read by the Court to the prospective panel of jurors prior to the commencement of voir dire. The statement should not be longer than two or three paragraphs. The statement shall be filed with the Court seven (7) calendar days before the Pretrial Conference.

**Matters to be Discussed at the Pretrial Conference**

Counsel shall be prepared to discuss the following matters with the Court at the Pretrial Conference:

- the witnesses all parties intend to call during their respective cases, and the amount of time necessary for direct and cross examination of each witness;

- any anticipated problems in scheduling witnesses;

- any evidentiary issues, including anticipated objections under Rule 403, and objections to exhibits;

- jury selection procedures;

- all pretrial motions, including motions in limine, to bifurcate and to sever;

\\\

- any disputed jury instructions, and the form of the instructions which will be given to the jury at the outset of the case, i.e., before opening statements and presentation of evidence;

- whether any counsel intends to use any evidence or demonstrative aid in opening statement; and

- motions to exclude witnesses from the courtroom during trial testimony.

If counsel for any party need to arrange for the installation of its own equipment, such as video monitors, tape or compact disk players, notebooks or overhead projectors, counsel shall notify the Courtroom Deputy Clerk no later than 4:00 p.m. two (2) days before trial so that the necessary arrangements can be made.

**Trial**

The Court sets firm trial dates. Counsel shall arrive at the Courtroom not later than 8:30 a.m. each day of trial. The Court reserves the time from 8:30 to 9:00 a.m. to handle legal and administrative matters outside the presence of the jury. The trial will commence promptly at 9:00 a.m. Counsel shall anticipate matters which may need discussion or hearing outside the presence of the jury and to raise them during this period.

The Court is in session with the jury on Tuesdays through Fridays, 9:00 a.m. to 4:30 p.m., with a morning and an afternoon break and a lunch recess from approximately 12:00 to 1:15 p.m. In most cases, jury selection is completed on the first morning of trial, and counsel should be prepared to give opening statements and begin presentation of evidence immediately thereafter.

All counsel are asked to observe the following practices during trial:

- All counsel, defendants, and parties shall rise when the jury enters and leaves the courtroom.

- Counsel shall stand when addressing the Court, including when objecting to opposing counsel's questions.

- When objecting, counsel should state only "objection," and the legal ground for the objection (e.g., hearsay, irrelevant, etc.). Counsel should refrain from arguing the legal basis for the objection unless permission is granted to do so.

- Counsel must seek leave to approach the Courtroom Deputy Clerk or the witness, and should question witnesses while standing at the lectern.

- Counsel must address all witnesses, including their clients, by the witness's surname. Young witnesses, i.e., children younger than age 15, may be addressed by first names, however.

- Counsel shall not discuss the law or argue the case in opening statements.

- Counsel shall address all remarks to the Court, and should not directly address the Courtroom Deputy Clerk, the Court Reporter, opposing counsel or the jury (except in opening statement and closing argument). Counsel must ask the Court for permission to talk off the record in order to speak with opposing counsel.

- Counsel shall not make an offer of stipulation unless he or she has conferred with opposing counsel and believes that the stipulation will be accepted. Any stipulation of fact will require the defendant's personal concurrence and shall be submitted to the Court in writing for approval.

- While Court is in session, counsel may not leave the counsel table to confer with witnesses, colleagues or assistants in the back of the courtroom unless the Court grants permission to do so in advance.

\\\

- When a party has more than one lawyer, only one of the lawyers may conduct the examination of a given witness and only that same lawyer may handle objections during the testimony of that witness.
- If a witness was on the stand before a recess or adjournment, counsel shall have the witness back on the stand and ready to proceed when Court resumes.
- If there is more than a brief delay between witnesses, the Court may deem that the party has rested.
- The Court attempts to cooperate with witnesses and will, except in
- extraordinary circumstances, accommodate them by permitting them to be examined out of sequence. Counsel should discuss any scheduling issues with opposing counsel. If there is an objection, confer with the Court in advance.

**Trial Preparation for Court Trials**

Fourteen (14) calendar days before the trial date, each party shall prepare and serve on opposing counsel copies of the proposed Findings of Fact and Conclusions of Law. Each party shall review the other party's proposed Findings and Conclusions and make such changes in the party's own proposed Findings and Conclusions as necessary following such review. Seven (7) calendar days before the trial date, each party shall lodge two copies of its proposed Findings of Fact and Conclusions of Law with the Court, also serving other parties if changes have been made. The parties shall be prepared to submit to the Court, and to exchange among themselves, supplemental Findings of Fact and Conclusions of Law during the course of the trial.

\\\

**Internet Site**

Counsel are encouraged to review the Central District's website for additional information. The address is "http://www.cacd.uscourts.gov".

The Courtroom Deputy Clerk is ordered to serve a copy of this Order personally or by mail on counsel for all parties to this action.

**IT IS SO ORDERED.**

DATED: June 20, 2019

Virginia A. Phillips
Chief United States District Judge

14